security would have prevented such an occurrence. Furthermore, at the time of entering into the lease contract, there existed some confusion as to the liability of lessor who consented to the improvements, as is demonstrated by the present suit. The confusion in the minds of some was justifiable, due to the statements of the courts made in certain cases, as we have above shown. Under the circumstances, the requirement of a bond was the natural and safe thing to do.

The record discloses that plaintiffs did not act on the provisions of the lease contract in furnishing materials and labor; in fact, they did not know the contents of said contract and 'made no inquiry.' There is nothing contained in the lease contract which prevents the application of section 11 of Act No. 298 of 1926 to the facts of this case, and we are convinced said section governs, and plaintiffs are not entitled to a lien or privilege against the property of the owner, Mrs. Goldstein; and neither are they entitled to a personal judgment against her.

The judgment of the lower court is correct and is affirmed, with costs.

The same issues are involved in both cases and they were consolidated for trial below and here.

For the reasons assigned in suit No. 5386, decided by us this day, the judgment of the lower court is affirmed, with costs.

**BOLINGER GAIN-YAY, Inc., Plaintiff-Appellant, v. Marion L. HARWELL et al., Defendants-Appellees.***

No. 5387.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

C. F. Currier, of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellees.

DREW, Judge.

This is the companion case discussed in suit No. 5386, styled Shreveport Armature & Electric Works, Incorporated, v. Marion L. Harwell et al., 172 So. 463.

*Rehearing denied March 1, 1937.

